# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY ANTONIO WILSON,** *et al.* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 08-345** |
| **JULIO M. ALGARIN (WARDEN), et al.** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                         **February 7, 2008**

Plaintiff, Leroy Antonio Wilson, a prisoner at the Montgomery County Correctional Facility, seeks to bring a class action on behalf of himself and 27 additional inmates, asserting claims pursuant to 42 U.S.C. § 1983.[1]  He requests leave to proceed *in forma pauperis*, without prepayment of fees or security.[2]

A prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates because he lacks formal legal training and thus cannot adequately protect the interests of the class.  *See Lewis v. City of Trenton Police*, 175 F. App'x 552, 554 (3d Cir. 2006) (*citing Fyombo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Alexander v. N.J. State Parole Bd.*, 160 F. App'x 249, 249 n.1 (3d Cir. 2005).  Therefore, to the extent that Wilson has requested that this action proceed as a class action, the request is denied.

Nor may the claims of the 27 additional plaintiffs be joined with Wilson's claims. Section 1915 of the Prison Litigation Reform Act of 1995 ("PLRA") conflicts with Federal

---

[1] The caption of the *in forma pauperis* petition and complaint lists "Leroy Antonio Wilson" as the plaintiff, and states "see additional plaintiff on attachment" and "Class Action."  This attachment lists 27 additional plaintiffs, each with his or her prison identification number next to their name.

[2] Suits brought *in forma pauperis* are governed by 28 U.S.C. § 1915.

Rule of Civil Procedure 20, which allows multiple plaintiffs to join in civil actions in certain circumstances. Section 1915, which imposes special limitations with respect to *in forma pauperis* actions brought by prisoners, provides that "the prisoner shall be required to pay the full amount of a filing fee," which we construe as requiring each prisoner to bring a separate lawsuit. 28 U.S.C. § 1915. This conflicts with the language of Rule 20, which provides that "all persons may join in one action as plaintiffs if they assert any right to relief jointly . . . arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." In the circumstances of this case, § 1915 prevails over Rule 20.

There are many impracticalities inherent in multi-prisoner litigation that militate against the permissive joinder allowed by Rule 20. These concerns include the need for each plaintiff to sign the pleadings, the risk of pleadings being changed as they are circulated, likely requests by plaintiffs to prison authorities to gather to discuss the joint litigation, the transitory nature of jail populations, and the possibility of coercion in relations among inmates. In this case, most of the claims in the complaint pertain only to Wilson, and not to all of the others named as plaintiffs. For these reasons, all 28 plaintiffs will not be permitted to proceed jointly in this one action.

The only plaintiff of the 28 listed in the caption to submit a petition to proceed *in forma pauperis* and sign the complaint was Leroy Wilson. With respect to the propriety of Wilson's *in forma pauperis* petition, the PLRA establishes certain financial requirements for prisoners bringing a civil action or filing an appeal *in forma pauperis*. Under the PLRA, each prisoner bringing a civil action *in forma pauperis* must pay the full amount of the $350 filing fee. 28 U.S.C.A. § 1915(b)(1). The prisoner must submit a certified copy of his

inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint so the court can determine how the $350 filing fee will be paid. 28 U.S.C.A. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during that period. *Id.* The court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. . ." The certified copy of the inmate trust fund account statement that Wilson submitted in his petition to proceed *in forma pauperis* was insufficient because it covered only the two-month period immediately preceding the filing of his action.

When he brought this action, Wilson may not have known that he must pay the filing fee, and that the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or, (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee will not be refunded.

The plaintiff Leroy Wilson will be given twenty (20) days from the date of this Order to decide whether he wants to proceed with this case. If he decides to proceed, he must file a certified copy of his inmate trust fund account statement for the entire six-month period preceding January 22, 2007, as required by 28 U.S.C. §1915. Upon receipt of the account statement, the case will be reinstated and the Court will assess the appropriate deductions to be made from the inmate's account in payment of the filing fee.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY ANTONIO WILSON, *et al.*** | : | CIVIL ACTION |
| v. | : | NO. 08-345 |
| **JULIO M. ALGARIN (WARDEN), et al.** | : | |

## ORDER

**AND NOW**, this 7th day of February, 2008, upon consideration of the Application to Proceed In Forma Pauperis (Document No. 1),

1. The petition is **DENIED WITHOUT PREJUDICE**;

2. All plaintiffs, except Leroy Wilson, are **DISMISSED** from this action;

3. If plaintiff Leroy Wilson files with the Clerk within twenty (20) days from the date of this Order a certified copy of his inmate trust fund account statement for the six-month period preceding his filing of his complaint and obligates himself to pay the $350.00 filing fee, this action will be reinstated;

4. The Clerk shall deliver to the petitioner a copy of this Order and the Notice to Prisoners Filing a 42 U.S.C. § 1983 Civil Rights Complaint in the United States District Court for the Eastern District of Pennsylvania; and,

5. The Clerk of Court shall **CLOSE** this action statistically.

/s/ Timothy J. Savage
TIMOTHY J. SAVAGE,  J.